**William S. SOURS, a/k/a Scott Sours, Movant-Appellant,**

**v.**

**STATE of Missouri, Respondent.**

**No. 13901.**

Missouri Court of Appeals,
Southern District,
Division One.

May 9, 1985.

Motion for Rehearing or to Transfer to
Supreme Court Denied
May 29, 1985.

Holly G. Simons, Columbia, for movant-appellant.

William L. Webster, Atty. Gen., John M. Morris, Asst. Atty. Gen., Jefferson City, for respondent.

TITUS, Presiding Judge.

Movant, then defendant, was, inter alia, jury-convicted of a felony count of receiving stolen property. He was court-sentenced to 15 years imprisonment on that count as a persistent offender. The conviction was affirmed on direct appeal in *State v. Sours*, 633 S.W.2d 255 (Mo.App.1982). Movant now appeals from a judgment entered after an evidentiary hearing, denying his Rule 27.26 [1] motion.

Movant's lone point relied on is that the trial court's "conclusion that an extended term as a persistent offender was properly imposed is clearly erroneous in that 1) the information was defective because it did not describe the alleged prior offenses with specificity; and 2) resentencing appellant after allowing the jury to impose sentence on appellant violated the reasonable expectations of both the jurors and appellant."

---

1. Rule and statutory references are to V.A.M.R. and RSMo 1978, unless otherwise noted.

■ Any reader with knowledge of Rule 84.04(d) will quickly recognize movant's utter disregard for same in penning his point relied on, supra. However, as movant, per Rule 84.08(a), was not afforded a second chance to properly do that which he should have done in the first instance, we close our judicial eyes to the infractions and determine the appeal upon its merits, if any.

The information under which movant was tried, in part, alleged: "Defendant is a persistent offender, punishable by sentence to an extended term of imprisonment under Section 558.016 RSMo in that he has been previously convicted of at least two felonies committed at different times and not related to the instant crime as a single episode, said previous convictions being as follows: 1. 1st Degree Robbery in 1978, 2. Burglary and felonious stealing in 1971, 3. Burglary in 1972." Movant here says that he "contends that the mere listing of the offense and year is insufficient to put him on notice of the basis for imposition of an extended term."

■ That part of the information, supra, charging movant as a persistent offender fully complied with the definition of that term as set forth in § 558.016.2, RSMo 1978 [now § 558.016.3]. Movant, then defendant, filed no motion for a bill of particulars as provided by Rule 23.04. In the absence of such a motion, any court is entitled to assume that a defendant is satisfied the information, as filed, fully and acceptably advised him as to the facts charged. *State v. Davis,* 624 S.W.2d 72, 77[5] (Mo.App.1981); *State v. Pulis,* 579 S.W.2d 395, 397[5] (Mo.App.1979). The first segment of movant's point relied on is denied.

■ In the second segment of movant's point relied on, he assails the procedure by which he was sentenced as a persistent offender following his criminal trial. Under § 558.021.1(2), RSMo 1978, in effect at all times relevant herein, a sentencing hearing was required to be conducted *by the*

court after a finding or plea of guilty.[2] If after such hearing the court found the defendant to be a persistent offender, *it* could sentence him pursuant to § 558.016.1, RSMo 1978. Movant does not contend that the required hearing was not held following the jury's determination of his guilt, for indeed it was. Rather his complaint focuses upon the fact that the jury not only returned a verdict of guilty, but also imposed a sentence of three years, after which the trial court conducted the sentencing hearing, found movant to be a persistent offender, and accordingly sentenced him to fifteen years. Movant claims that, as a result of the above procedure, "his right to rely on the fact that reasonable sentencing expectations will be fulfilled was violated."

Section 557.036.3, RSMo 1978, provided:

If the jury returns a verdict of guilty and declares a term of imprisonment as provided in subsection 2 of this section, the court shall proceed as provided in subsection 1 of this section except that any term of imprisonment imposed cannot exceed the term declared by the jury unless:

(2) The defendant is found to be a persistent or dangerous offender as provided in section 558.016, RSMo, in which case:

(a) If he has been found guilty of a class B, C, or D felony, the court shall proceed as provided in section 558.016, RSMo; . . .

Section 558.016.1, RSMo 1978, provided: "The court may sentence a person who has pleaded guilty to or has been found guilty of a class B, C, or D felony to an extended term of imprisonment if it finds the defendant is a persistent offender or a dangerous offender." The determination of persistent offender status was, as noted supra, to be made in accordance with the procedures outlined in § 558.021, RSMo 1978.

---

**2.** Section 558.021 has since been amended, L.1981, p. 637, § 1 (effective September 28, 1981). It now provides for a hearing to determine persistent offender status *prior to* submission of the case to the jury.

We can discern no significant respect in which the actions of the trial court deviated from the statutory scheme then applicable to sentencing of persistent offenders.

Judgment affirmed.

FLANIGAN and GREENE, JJ., concur.