**STATE of Missouri, Respondent,**

v.

**Gary HOLLAND, Appellant.**

No. 68314.

Supreme Court of Missouri,
En Banc.

Nov. 18, 1986.

Holly Simons, Catherine Schroeder, St. Louis, for appellant.

William L. Webster, Atty. Gen., Lee A. Bonine, Asst. Atty. Gen., Jefferson City, for respondent.

RENDLEN, Judge.

Convicted by a jury of burglary in the second degree, § 569.170, RSMo 1978, defendant was sentenced as a persistent offender to ten years imprisonment and following affirmance by the Court of Appeals, Eastern District, we granted transfer and determine the cause as though on original appeal. Mo. Const. art. V, § 10. Defendant's sole claim of error is the trial court's alleged abuse of discretion in overruling challenges for cause directed toward two veniremen. The sufficiency of the evidence is not challenged, accordingly a brief recital of facts supportive of the verdict will suffice.

The burglar alarm at the American Academy of Dance studio located at 306 North Grand in the City of St. Louis, Missouri, sounded during the early morning hours of October 19, 1984. Local police were dispatched to the studio at about 12:43 a.m. One of the officers at the scene was standing at the corner of North Grand and Lindell streets watching the outside of the premises. A passing motorist yelled at the officer and, at this point, the officer saw defendant in midair as he had jumped from a second-story window of the studio. As defendant walked east on Lindell he was arrested by a second officer stationed on the north side of the studio building. There was evidence of forced entry and property inside the studio had been disturbed.

Turning to defendant's claim of trial court error in failing to strike two jurors for cause, we are mindful that the court has wide discretion in determining the qualifications of a prospective juror and its ruling will be disturbed on appeal only when it is clearly against the evidence and constitutes an abuse of discretion. *State v. Hopkins*, 687 S.W.2d 188, 189 (Mo. banc 1985). "In determining when a challenge for cause should be sustained, each case must be judged on its facts," *id.* at 190, and the relevant voir dire must of course be considered in its entirety. *State v. Garrett*, 627 S.W.2d 635, 642 (Mo. banc), *cert. denied*, 459 U.S. 906, 103 S.Ct. 208, 74 L.Ed.2d 166 (1982); *see also, e.g., State v. Carter*, 544 S.W.2d 334, 337 (Mo.App.1976); *State v. Gordon*, 543 S.W.2d 553, 555 (Mo. App.1976).

In the case at bar the following occurred during questioning of venireman Stein by defense counsel Schroeder:

MS. SCHROEDER: Same type of questions again. It is very important.

If my client didn't take the stand, would you wonder why he didn't?

VENIREMAN STEIN: Yes, because I would like to hear his side of the story—what happened.

MS. SCHROEDER: You understand that in a criminal case the defendant does not have to take the stand and give his side of the story because he is presumed innocent.

You presume him as being innocent right now as he sits there?

VENIREMAN STEIN: Right.

MS. SCHROEDER: And he doesn't have to get up there and tell his side of the—give his side of the story; do you understand that?

VENIREMAN STEIN: Yes.[1]

MS. SCHROEDER: Even if the judge instructed you not to think that way, would you still have a hard time with it?

VENIREMAN STEIN: Because I wouldn't really know about the facts if he didn't get up there and tell about it.

There was no further inquiry of venireman Stein on this subject. Neither the court nor prosecutor posed any questions to Stein whether he would or would not infer from defendant's failure to testify that he might be guilty, nor whether he could follow the law and instruction of the court, if given, as to such matters.

"An accused must be afforded a full panel of qualified jurors before he is required to expend his peremptory challenges; denial by a trial court of a legitimate request by an accused to excuse for cause a partial or prejudiced venireperson constitutes reversible error." *Hopkins*, 687 S.W.2d at 190; *see also State v. Thompson*, 541 S.W.2d 16, 17 (Mo.App. 1976). In *State v. Stewart*, 692 S.W.2d 295 (Mo. banc 1985), we reversed and remanded where the trial court overruled defendant's challenge for cause of venireman Thompson who stated on voir dire that she would like to hear defendant's side of the story and that she would be more apt to think defendant guilty if he did not testify. We stated:

Mrs. Thompson never unequivocally stated that she would not draw any inference of guilt from defendant's failure to testify.... [A]t one point, Mrs. Thompson said flatly that if defendant did not testify she would be more apt to think he was guilty, and even when she was answering counsel for the state about her understanding that the state was required to establish guilt beyond a reasonable doubt and that she would judge the state's case on its own merits, she concluded by saying she still would like for the defendant to testify.

*Id.* at 299.

Scattered through the transcript are several instances of inquiry made to venireman Stein on other subjects and on at least two occasions these inquiries came from the prosecutor. However the questions asked on those occasions did not touch on Stein's beliefs or attitudes concerning the presumption of innocence if defendant failed to testify or whether he could follow the law and instructions from the bench on such matters.

During the conference to consider challenges for cause, counsel presented their objections to several prospective jurors and the court sustained motions to strike as to three veniremen, but after hearing defense counsel's motion and her reasons for striking venireman Stein, the court heard argument from the prosecutor in which he mistakenly stated he had confronted Stein with the fact that "you will be given instructions you cannot infer guilt from the failure to testify and when I put it in those terms, [Stein] said: Yes, he could follow that instruction." The prosecutor continued and again mistakenly stated that when Stein was "confronted with the very question: 'Can you follow that instruction that it cannot be inferred from the fact the defendant did not testify that he is guilty,' he indicated: 'Yes.'" Had such question been presented to Mr. Stein and had he given such an answer we would have quite a different case, but the trial court, apparent-

---

1. Defendant did not testify in his own behalf but      called two witnesses.

ly relying on the prosecutor's mistaken recollection of the record stated: "I am going to overrule the objection. I think there was sufficient basis to indicate [Stein] could follow the instructions." In short, neither the prosecutor nor the court made any attempt to rehabilitate venireman Stein or seek further information to clarify or explain his answers.

The failure of the trial court to sustain defendant's challenge for cause of venireman Stein was error and the cause is reversed and remanded for a new trial.[2]

All concur.

---

**2.** Error is also asserted in the trial court's overruling defendant's challenge for cause of venireman Siliven. However, the record affords substantially greater support for the trial court's ruling in that instance, *see State v. Pennington*, 642 S.W.2d 646, 649 (Mo.1982), and in view of the decision to reverse the judgment we need not measure that claim of error.