**STATE of Missouri, Respondent,**

v.

**Robert T. ALLEN, a/k/a Thomas L. Duncan, a/k/a Tommy L. Fitzgerald, Appellant.**

**No. WD 38928.**

Missouri Court of Appeals,
Western District.

Oct. 20, 1987.

Susan L. Hogan, Columbia, for appellant.

William L. Webster, Atty. Gen., Deborah L. Ground, Asst. Atty. Gen., Jefferson City, for respondent.

Before SHANGLER, P.J., and PRITCHARD and CLARK, JJ.

PRITCHARD, Judge.

After a series of bizarre events appellant was convicted by the verdicts of a jury in offenses involving seven law enforcement officers of five counts of kidnapping (30 years each); five counts of armed criminal action (15 years each); one count of resisting arrest (10 years); and one count of assault in the third degree (one year in the Saline County Jail). The court found appellant to be a persistent offender, and ordered that the sentences for kidnapping, assault in the third degree, and resisting arrest were to run concurrently; and that the sentences for armed criminal action were to run consecutively to those of the kidnapping counts and to each other.

On the afternoon of July 4, 1985, two State Highway Troopers, Morgan and Cool, and two Lafayette County Sheriff's deputies, Bryant and Meyers, responded to a call from Odessa, Missouri, where appellant, wanted on charges in Jackson County, was believed to be hiding in a trailer. On arrival, Cool, Meyers and Bryant began a search of a nearby field. Bryant stopped to check a metal shed, heard a noise,

stopped at a small gully, turned and saw appellant pointing a gun at him. Appellant told Bryant to put down his shotgun and lie on the ground, which he did. Appellant then handcuffed Bryant, took him into the trailer and shut him in and then left. After a short time, Bryant opened the closet door and walked through the trailer calling appellant's name, and as Bryant was about to exit the front door appellant entered through a rear door and ordered him back into the bedroom and to lie on the floor between the wall and a bed.

Trooper Morgan had returned to the trailer area where Odessa police officer Gentet joined him. As they approached the trailer, appellant appeared from around its corner with his arm around Bryant's neck and holding a gun to his head. Appellant ordered Morgan and Gentet to drop their guns or "he would blow [Bryant's] head off." They complied, and were ordered to handcuff each other after which they were led into the trailer. About ten minutes later, Cool and Meyers had completed their field search and were met by Highway Patrol Corporal Boss, with whom they rode to the trailer, meeting Lafayette County Deputy Robertson. On arriving at the trailer, the three encountered appellant at the corner of the trailer who had his arm around Morgan's neck and was holding a gun to his head. Appellant ordered the officers to drop their guns or he would blow Morgan's brains out. He then ordered them to handcuff each other and led them into the trailer.

Appellant held the seven officers in the trailer for about seven hours, occasionally taking one of them outside at gunpoint to investigate activity at a police communication center at the end of the driveway. The officers were handcuffed during the entire time, sometimes with their hands in front and sometimes behind their backs, and at one point their feet were bound with packing tape. Appellant had a gun in his hand and one in his belt throughout the evening. He spent time looking out the trailer windows and making threatening gestures with the gun.

During the course of the evening appellant began releasing the officers at intervals until about 2:00 a.m., when one Officer Boss remained. Soft drinks were brought to the trailer and placed on the porch, and Boss offered to get them. He stepped onto the porch, threw the soda cans at appellant, leaped off the porch and ran down the driveway. As he did so appellant fired in his direction with Gentet's gun, and other officers in the area returned the fire and appellant was shot in the head.

■ Appellant presents five points in contending for a reversal of the convictions. The first is that the trial court erred in permitting the original information, which charged kidnapping by allegedly confining the victims for the purpose of using them as hostages, to be amended by adding that the confinement was for the purpose of using the victims *"as a shield* or hostage." Appellant argues that his defense was that he did not intend to use the officers as hostages, and that the amendment that the purpose was also to use them as a shield charged him with a different offense, thus denying his right to a fair trial. The inquiry is whether under Rule 23.08, the amendment impermissibly charged an additional or different offense. Section 565.110.1, RSMo 1986, provides, "[A] person commits the crime of kidnapping if he unlawfully removes another without his consent from the place where he is found or unlawfully confines another without his consent for a substantial period, for the purpose of * * * (2) Using the person as a shield or hostage * * *." This statute, which lists various purposes for which a kidnap victim may be held without his or her consent, creates but one offense—kidnapping. As the state points out, it is permissible to amend where the amendment merely changes the manner or method by which the offense is committed and does not allege a different or additional offense. *State v. White,* 608 S.W.2d 134, 135 (Mo.App.1980) [amendment permitted where it merely changed the method by which the basic charge of forgery was committed]; *State v. Mace,* 665 S.W.2d 655 (Mo.App.1984) [amendment alleging another statutory method of committing assault

did not run afoul of the prohibition of alleging a different offense by amendment]; see also *State v. Warfield*, 507 S.W.2d 428 (Mo.App.1974).

■ Appellant also claims that the amendment prejudiced his substantial rights. Under Rule 23.08, the test for prejudice is whether a defense under the original charge would be equally available after the amendment and whether defendant's evidence would be equally applicable after as well as before the amendment. *State v. Taylor*, 375 S.W.2d 58, 63 (Mo.1964); *State v. White*, supra, 608 S.W.2d at 136. Appellant maintains that his defense that he did not intend to use the officers as hostages was not equally available following the amendment because that defense was not applicable to the issue of whether he intended to use the officers as a shield. He was, however, aware that the kidnapping charge arose out of the events of July 4, 1985. The motion to amend the information was made immediately after the state presented its case, which included a showing that he did, in fact, use victims Bryant and Morgan as a shield, with guns at their heads, and did occasionally take one of the officers outside at gunpoint to investigate other police activity. Appellant then had opportunity to produce evidence, if he had any, to meet that showing, but he did not at that time point out any evidence, not equally available after amendment, that he had not had a sufficient opportunity to investigate, and he did not request a continuance for any such purpose. Under the test of *State v. Taylor*, supra; and *State v. White*, supra, appellant has not demonstrated that any prejudice occurred. Point I is overruled.

■ In the second point, appellant contends that the trial court erred in sentencing him on the five counts of kidnapping because a fatal variance existed between them and the five corresponding verdict-directing instructions. This point was not raised in the motion for new trial, so it will be considered as a matter of plain error. What happened was this: The docket sheet shows that on 10/7/86, with appellant and his counsel present, the state moved the court to amend the information "to Counts that pertain to offense of kidnapping by adding the words 'shield or' prior to the word 'hostage'. Leave granted." The informations as filed were never actually amended by interlineation or otherwise by adding the words "shield or". Appellant argues that this omission resulted in his being tried under the original information. As noted, the court's order permitted the amendment, and appellant had notice of the precise wording thereof. In *State v. Lulkowski*, 721 S.W.2d 35 (Mo.App.1986), the trial court had ordered two separate indictments consolidated, but, because of a clerical error, the ruling was not entered. The court held that there was no manifest injustice because defendant had notice of the court's ruling. The situation here, and in the Lulkowski case, are in contrast to *State v. Wiley*, 412 S.W.2d 485, 488 (Mo.1967), where the record did not show any leave to amend granted, no exercise of discretion, and no order of the court from which it may be said that the amendment was accomplished. See also *Murray v. State*, 249 Ark. 887, 462 S.W.2d 438, 441 (1971), where it was held that it was not necessary that the actual information be amended but only that an order be made; and *State v. Englebrecht*, 316 N.W.2d 415, 417 (Iowa App. 1981), where the amendment was established by the transcript even though the amended information had not been filed and did not appear in the trial court file or docket sheet. Here, there was no surprise and certainly no manifest injustice occurred. Point II is overruled.

■ Thirdly, appellant contends that the trial court committed plain error by instructing the jury on Counts I, kidnapping, and XIII, resisting arrest by officer Blon Bryant, which he claims resulted in convictions for two offenses which differ only in that one prohibits conduct in general terms while the other prohibits a specific instance of conduct, in violation of § 556.041(3) RSMo 1986. The two offenses are clearly separate, involve different elements, and were submitted to the jury on different proof. The resisting arrest charge occurred when appellant initially met officer

 pointed a gun at him and ordered him to lie on the ground which involved a knowing attempt to prevent Bryant from making the arrest. The kidnapping charge required a showing that Bryant was (thereafter) confined for a substantial period, without his consent by means of forcible compulsion. Point III is without merit and is overruled.

██ Fourthly, again asserting plain error, appellant contends that the trial court erred in sentencing him on five counts of armed criminal action, in violation of his right to be free from double jeopardy in that three counts thereof all relied on the proof of the same instance of using a gun in committing the felony of kidnapping. The three instances to which appellant refers as causing him to be subjected to multiple punishments for the same crime was when officers Meyers, Robertson and Boss were confronted by appellant when he came around the corner of the trailer holding a gun to Morgan's head. Each of these three officers was confined without their consent by appellant's use of a gun. *State v. Cooper*, 712 S.W.2d 27 (Mo.App.1986), controls. There, by the use of a sharpened piece of metal, defendant and another inmate subdued and locked up a deputy sheriff, then fled. Defendant was found guilty of four crimes: escape from confinement, armed criminal action in effecting that escape, aiding the escape of another prisoner, and armed criminal action in perpetrating that crime. He claimed a violation of the Double Jeopardy clause of the 14th Amendment by reason of the imposition of multiple punishments for the same offense, which claim was rejected. The court found that the armed criminal action statute, § 571.015, RSMo 1978, specifically authorizes the imposition of cumulative sentences in a single trial when a felony has been committed by means of a dangerous instrument, and said, at page 31, "[E]ach time a dangerous instrument is employed to effectuate certain felonies, the crime of armed criminal action is committed." Appellant used the gun to effectuate the three separate crimes of kidnapping the three officers. Point IV is overruled.

Lastly, appellant claims that MAI–CR2d 2.20 improperly defines "reasonable doubt" in that its meaning is diminished by proof that leaves the jury "firmly convinced" of defendant's guilt. This instruction form was lately approved in *State v. Guinan*, 732 S.W.2d 174, 177 (Mo. banc 1987), so the propriety of giving it was laid to rest. Point V is overruled.

The judgment is affirmed.

All concur.