**STATE of Missouri, Respondent,**

v.

**Robert CARPENTER, Appellant.**

**No. 53949.**

Missouri Court of Appeals,
Eastern District,
Division One.

Aug. 23, 1988.

Motion for Rehearing and/or Transfer to Supreme Court Denied Sept. 21, 1988.

Mary Clare McWilliams, Asst. Public Defender, St. Louis, for appellant.

William L. Webster, Atty. Gen., Timothy Wilson, Asst. Atty. Gen., Jefferson City, for respondent.

GARY M. GAERTNER, Judge.

Defendant Robert Carpenter was convicted by a jury in the St. Louis City Circuit Court of stealing over $150.00 by deceit, RSMo § 570.030 (1986). The trial court found defendant to be a prior and persistent offender and sentenced him to eight years imprisonment. On appeal, defendant argues that the trial court erred in denying defendant's motion to strike a juror for cause. We affirm.

On March 17, 1986, Albert White, the victim, was shopping at a supermarket in the City of St. Louis. As White was shopping, defendant approached White and a conversation ensued. Defendant told White that he was from Mississippi and he was looking for a particular hotel. Defendant also stated that he had several one thousand dollar bills in his possession which he had received as part of a legal settlement. White told defendant that the hotel did not exist and informed him that he was in a bad neighborhood. White then invited defendant to spend the night in his home. Defendant accepted White's invitation and the two men drove to White's residence.

While at White's home, the two men agreed that defendant would purchase White's diamond ring. White handed the ring to defendant and defendant was to pay White the following day. Later that evening White and defendant went to a drug store where defendant had purportedly promised the manager that he would purchase a television for $190.00. White lent ten twenty dollar bills to defendant and defendant was to pay White back the following day after defendant obtained smaller bills. At the drug store White became suspicious of defendant and followed defendant to the counter. When defendant continued past the counter, White attempted to block his exit and a struggle ensued. Defendant then fled with White's ring and money.

White identified defendant as the perpetrator of the crime in photo lineup and in a live lineup. After being arrested, defendant made the following written admission: "I'm sorry I took the $200.00. I will pay it back and I will get his ring back." Defendant presented no evidence at trial.

On appeal defendant argues that the trial court abused its discretion in overruling his motion to strike juror Edwin Harding for cause. Defendant asserts that during voir dire Harding expressed a tendency to draw an adverse inference from defendant's failure to testify. Defense counsel asked the panel whether any of them would think defendant was automatically guilty if he did not testify. After defense counsel finished questioning another juror, Harding responded:

Venireman Harding: Yeah, I would like to know why he wouldn't want to get up and speak for himself.

[Defense counsel]: Okay. Now, most of you have never had the experience of testifying in court. I, myself, haven't had the experience of testifying in court. Now, there may or may not be reasons for people that have nothing to do with whether or not they're guilty or not guilty of a particular crime that really could affect them in deciding whether or not they're going to testify and get up in front of the jury, okay?

Now, I can't explain what all of these reasons would be. There are various reasons that that could be. All right, someone maybe is just afraid to talk in public, there are a lot of people that feel that way; now that could affect someone's decision on whether or not to testify in court. But do you think that maybe you would have some doubt in your mind if you didn't hear Robert testify?

Venireman Harding: No, not really.

[Defense counsel]: Okay, I don't think you sound too sure about that, though.

Venireman Harding: Well, I don't know, it just seems like if you have something you might be able to help your own case by speaking up.

[Defense counsel]: Okay, so I get the feeling that you think that if somebody is innocent then, you know, they should get up and say so.

Venireman Harding: Well, not necessarily. I mean, it would have to be proved.

Upon completion of voir dire the State moved to strike Harding for cause because Harding indicated he had a hearing problem. The court overruled the State's motion. Defense counsel then moved to strike Harding based upon defense counsel's perception that Harding would have a problem with returning a not guilty verdict if he did not hear from the defendant. The court overruled defendant's motion.

A defendant must be afforded a full panel of qualified jurors from which to make his peremptory challenges. *State v. Smith,* 649 S.W.2d 417, 422 (Mo. banc), *cert. denied,* 464 U.S. 908, 104 S.Ct. 262, 78 L.Ed.2d 246 (1983); *State v. Hill,* 714 S.W.2d 687, 689 (Mo.App., E.D. 1986). The trial court possesses wide discretion in determining the qualifications of jurors. We will not reverse absent a clear showing of an abuse of discretion and probability of injury to the complaining party. *Smith,* 649 S.W.2d at 422; *State v. Parry,* 684 S.W.2d 441, 445 (Mo.App., E.D. 1984). Doubt as to the trial court's ruling will be resolved in its favor. *Smith,* 649 S.W.2d at 422.

After reviewing the record before us, we find no basis for ruling that the trial court abused its discretion by not striking juror Harding. Although Harding initially indicated concern, he stated that defendant's failure to testify would not place doubt in his mind. Harding further stated that the charges would have to be proven. Thus, the trial court's determination when viewed in context of the entire examination was not an abuse of discretion. *State v. Bebermeyer,* 743 S.W.2d 516, 519 (Mo.App., E.D. 1987).

The judgment of the trial court is affirmed.

REINHARD and CRIST, JJ., concur.