**STATE of Missouri,
Plaintiff–Respondent,**

v.

**Tony SANDERS, Defendant–Appellant.**

**No. 54321.**

Missouri Court of Appeals,
Eastern District,
Division One.

Sept. 27, 1988.

Motion for Rehearing and/or Transfer to Supreme Court Denied Nov. 29, 1988.

Mary Clare McWilliams, Asst. Public Defender, St. Louis, for defendant-appellant.

William L. Webster, Atty. Gen., Breck K. Burgess, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

CRANDALL, Presiding Judge.

Defendant, Tony Sanders, appeals from his conviction, after a jury trial, of robbery in the first degree. Section 569.020, RSMo (1986). He was sentenced as prior and persistent offender to 20 years' imprisonment. We affirm.

Defendant does not challenge the sufficiency of the evidence. The evidence, viewed in the light most favorable to the verdict, was that, on September 18, 1986, defendant and another man entered a laundromat and confronted the owner, Paul J. Taylor. Defendant held a gun on the owner while the second man searched for money. Defendant and the other man took money from the owner's pocket and desk as well as two rings which the owner was wearing.

Defendant did not offer any evidence.

Defendant's sole point on appeal is that the indictment was defective in that it did not identify by name the individual with whom defendant committed the robbery. Defendant argues that, as a result of this omission, he was not apprised of all the facts constituting the offense.

The test of the sufficiency of an indictment is whether it contains the essential elements of the offense as set out in the statute and clearly apprises defendant of the facts constituting the offense charged. *State v. Brown*, 660 S.W.2d 694, 698 (Mo. banc 1983); *see also* Rule 23.01(b).

Section 569.020 contains the elements of robbery in the first degree:

A person commits the crime of robbery in the first degree when he forcibly steals property and in the course thereof he, or another participant in the crime, ... (4) Displays or threatens the use of what appears to be a deadly weapon or dangerous instrument.

The indictment in the present case reads as follows:

[D]efendant, and another person, in violation of Section 569.020, RSMo, committed the class A felony of robbery in the first degree, punishable upon conviction under Section 558.011.1(1), RSMo, in that on the 18th day of September, 1986, in the City of St. Louis, State of Missouri, the defendant, and another person, forcibly stole two rings, cash and currency owned by PAUL J. TAYLOR, and in the course thereof defendant displayed and threatened the use of what appeared to be deadly weapon.

There is nothing in the statute which requires that the other participant in the crime be named in the indictment, and there is no case law to support defendant's claim. The owner of the laundromat testified that another person had been involved in the robbery and identified that person by name.

The indictment tracked the language of Section 569.020 and set forth all of the essential elements of robbery in the first degree. The indictment contained the facts which constituted the robbery charge and

clearly indicated that defendant was being charged as acting with another person. The indictment was sufficient to apprise defendant of the facts of the crime with which he was charged.

In addition, because of defendant's failure to request a bill of particulars, this court is entitled to assume that defendant was satisfied with the indictment, as filed. *See, e.g., Sours v. State,* 692 S.W.2d 2, 3 (Mo.App.1985). Defendant's point on appeal is denied.

The judgment of the trial court is affirmed.

REINHARD and CRIST, JJ., concur.