**STATE of Missouri, Respondent,**

v.

**Joe O. WALKER, Appellant.**

**No. WD 42576.**

Missouri Court of Appeals,
Western District.

July 24, 1990.

Motion for Rehearing and/or Transfer to Supreme Court Denied Aug. 22, 1990.

Application to Transfer Denied
Oct. 16, 1990.

L. Patrick O'Brien, Kansas City, for appellant.

William L. Webster, Atty. Gen., Robert P. Sass, Asst. Atty. Gen., Jefferson City, for respondent.

Before TURNAGE, P.J., and LOWENSTEIN and GAITAN, JJ.

LOWENSTEIN, Judge.

Joe O. Walker was convicted by a jury of three counts of sodomy, § 566.060, RSMo 1986, for which he was sentenced to ten years imprisonment for each count. The sentences in the first two counts were to run consecutively, while the sentence in count three was to be served concurrently with the other two.

On appeal, Walker contends the trial court erred: (1) in overruling his motion to strike for cause three members of the jury panel where each stated unequivocally that they could not put their emotions aside and judge the case using their reason and common sense; (2) in overruling his motion to dismiss Count II of the indictment, where Count II was identical to Count I, thus charging him twice for the same offense;

and (3) in giving MAI–CR3d 300.02 and 302.04, and in refusing his offered instructions in that the given instructions improperly defined "proof beyond a reasonable doubt." The judgment is affirmed.

The evidence is not in dispute, that most favorable to the verdict is as follows: On approximately December 16, 1988, ten-year old Cynthia Walker was home alone with appellant, her natural father. During this time, appellant asked Cynthia to come into his bedroom. There, he undressed, asked Cynthia to do the same, then proceeded to have anal intercourse with her. Some time after, appellant repeated the same act in the living room, and at that time, also had oral intercourse with Cynthia.

Walker was charged by indictment with three counts of sodomy. Count I alleged that sometime between December 1, 1988 and December 31, 1988, appellant placed his penis into the anus of Cynthia Walker. Count II alleged verbatim the same offense. Count III alleged that sometime between December 1, 1988 and December 31, 1988, appellant placed his penis into the mouth of Cynthia Walker.

At trial, Walker stated he was an alcoholic and could not remember all of the nights in December 1988. However, he denied having anal and oral sex with his daughter. Nevertheless, he was convicted on all three counts.

Point one contends the trial court erred in overruling Walker's motion to strike for cause three members of the jury panel. Walker claims each of these jurors stated they could not put their emotions aside and judge the case fairly, therefore he was denied his right to a full panel of fair and impartial jurors prior to exercising his peremptory challenges. *State v. Brown*, 749 S.W.2d 448, 451 (Mo.App.1988).

During the voir dire defense counsel made the following remarks:

If I may continue, Cynthia Walker, a 10–year–old girl, will testify that her natural father, Joe Walker, placed his penis in her anus and then had oral sex with her. Now, I know that each of you, thinking about that, and I want you to take a minute to think about that and feel the emotion of it, because I think every human being would feel an emotion, hearing that kind of accusation, but here is what I need to know.

I want to know which ones of you can put that emotion away and judge this case on the evidence as it comes in, applying reason and common sense. Does everyone understand the question? The question is, I know we all have that kind of gut reaction, but I need to know who can put that gut reaction aside and apply with reason and common sense to the evidence in this case, and there are some people who cannot do it.

Raise your hand if you can put that emotion aside and judge this case using your reason and common sense.

Six venirepersons did not raise their hand. Three were struck for other reasons, while the remaining three responded as follows:

[Defense Counsel]: You feel the same way, you couldn't put that emotional response behind you?

Venireperson Biebel: I think it would play a factor.

[Defense Counsel]: Okay. Thank you. Anyone else here that didn't raise their hand—yes, Ms. Parr.

Venireperson Ruth K. Parr: Yes.

[Defense Counsel]: You feel—

Venireperson Parr: I think it might, even with children.

[Defense Counsel]: The emotional impact would be too strong?

Venireperson Parr: That's right.

[Defense Counsel]: Anyone else?

\* \* \* \* \* \*

Venireperson Janet C. Downs: Janet Downs, yes.

[Defense Counsel]: You feel like, the other persons that you'd have such a [sic] intense emotional reaction to those kinds of accusations you don't feel you could sit on this jury?

Venireperson Downs: Yes.

During individual questioning by the state, the prosecuting attorney asked the following questions, and received the fol-

lowing answers of the three challenged venirepersons:

[Prosecuting Attorney]: If the judge read you an instruction telling you what you are and are not allowed to consider in reaching your verdict, are you telling us that you cannot follow that law or do you think you can?

Venireperson Biebel: I could follow the law.

[Prosecuting Attorney]: I'd like to ask the same question of Ms. Parr.... Are you telling us you could or could not follow the law?

Venireperson Parr: I could follow the law.

[Prosecuting Attorney]: Thank you very much. And I wanted to ask Ms. Downs the same question.

Ma'am, would you be able to follow the law as the judge reads it to you, or are you telling us that you cannot follow the law?

Venireperson Downs: I believe I could follow the law.

The trial judge did not personally question any of these three individuals. The defense attorney's motion to strike the three for cause was overruled. Therefore, Walker contends, he was forced to use three of his peremptory challenges to remove the above stated venirepersons from the jury panel.

■ An individual accused of a crime is entitled to a full panel of qualified jurors before he is required to expend his peremptory challenges. *State v. Schwer*, 757 S.W.2d 258, 262 (Mo.App.1988); *State v. Bebermeyer*, 743 S.W.2d 516, 519 (Mo.App. 1987). For a trial court to deny a legitimate challenge for cause constitutes an abuse of discretion and reversible error. *Schwer, supra*, at 262.

■ However, the determination of a venireperson's qualifications is a matter for the trial court in the exercise of sound judicial discretion and will be rejected only upon a clear showing of abuse of discretion. *State v. Olinghouse*, 605 S.W.2d 58, 69 (Mo. banc 1980); *Schwer, supra*, at 262; *Bebermeyer, supra*, at 519. To show such

an abuse, the bare possibility of prejudice is not enough—it must clearly appear from the evidence that the challenged venireperson was in fact prejudiced. *State v. Evans*, 701 S.W.2d 569, 572 (Mo.App.1985). Any doubt as to the propriety of the trial judge's ruling should be resolved in his favor. *Id.* It should also be noted the qualifications of a juror are not conclusively determined by an initial response to a question—that determination is to be made based on the entire examination. *Bebermeyer, supra*, at 519. If after further questioning, jurors indicate an ability to follow applicable principles of the law, the court may then make its final determination of the qualifications of the jurors. *Id.*

■ In the instant case, there was no abuse of discretion in the court's decision to overrule the motion to strike for cause. Review of the questions and answers at voir dire indicate an ill feeling against the crime of sodomy, not a feeling against Walker who was so charged. *Evans, supra*, at 573; *Olinghouse, supra*, at 70. As in *Evans* and *Olinghouse*, the answers did not demonstrate bias or prejudice against the defendant, nor were they statements that the venirepersons would be unable to judge the case fairly on the evidence heard. They were mere statements showing disgust and unease for the crime of sodomy.

Moreover, the prosecution subsequently asked each of the three venirepersons if they would be able to follow the law, all three answered yes. "Jurors are not to be disqualified because they have strong views on the crimes charged if they indicate they can *follow the law* and be fair." [Emphasis added]. *Bebermeyer, supra*, at 520. *See also Schwer, supra*, at 262–63.

■ Walker also contends the trial judge had a duty to independently examine the venirepersons. The answers given, as a whole, show no bias toward the defendant, nor an inability to give him a fair trial. "A trial court has no duty to question further a prospective juror when the answers given by the juror show no bias and where the prospective juror's pledge to give the defendant a fair trial is unequivocal." *Evans, supra*, at 574. However, when in

doubt it would be better practice to give an independent examination for the sake of judicial economy. Point one is denied.

Walker's second point contends error in the trial court's refusal to dismiss Count II of the indictment, where it was identical to Count I, thus subjecting him to double jeopardy. Both Counts I and II charged "that between December 1, 1988, and December 31, 1988 ... the defendant, Joe O. Walker, had deviate sexual intercourse with Cynthia Walker, to whom defendant, Joe O. Walker was not married and who was then less than fourteen years old, to wit: by placing his penis into the anus of Cynthia Walker." Since both counts read verbatim, Walker asserts he is being charged for the same offense twice. His claim is without merit.

 It is obvious from a reading of the legal file that Walker was apprised he was charged for two separate offenses—anal intercourse which occurred in the bedroom and anal intercourse which occurred in the living room. The fact the counts are identical is of no matter; "the present rule is that the entire record of the proceedings, and not the information alone, may be looked to if there is a claim of double jeopardy...." *State v. Stigall*, 700 S.W.2d 851, 855 (Mo.App.1985). Moreover, since Walker failed to request a bill of particulars, this court is entitled to assume he was satisfied with the information and that it fully advised him of the facts charged. *State v. Sanders*, 761 S.W.2d 189, 191 (Mo. App.1988); *Sours v. State*, 692 S.W.2d 2, 3 (Mo.App.1985); *State v. Powell*, 684 S.W.2d 514, 518 (Mo.App.1984). Point two is denied.

Walker's third and final point argues error in the trial court's giving of instructions MAI–CR3d 300.03 and 302.04 in that they improperly define "proof beyond a reasonable doubt." This very argument has been addressed and rejected in *State v. Guinan*, 732 S.W.2d 174, 177–78 (Mo. banc 1987). *See also State v. Willis*, 764 S.W.2d 678, 679 (Mo.App.1988); *State v. Cheek*, 760 S.W.2d 162, 164 (Mo.App.1988); *State v. Allen*, 756 S.W.2d 167, 171 (Mo.App. 1987); *State v. Wanner*, 751 S.W.2d 789,

791–92 (Mo.App.1988); *State v. Luster*, 750 S.W.2d 474, 479 (Mo.App.1988). Point three is denied.

The judgment is affirmed.