v.

Bonnie Jo (Schwartz) SUTTON,
Defendant–Appellant.

No. 58226.

Missouri Court of Appeals,
Eastern Disrict,
Northern Division.

Feb. 13, 1991.

STATE of Missouri,
Plaintiff–Respondent,

v.

Harold Gene HOUSTON,
Defendant–Appellant.

No. WD 42851.

Missouri Court of Appeals,
Western District.

Feb. 13, 1991.

James F. Crews, Tipton, for defendant-appellant.

William L. Webster, Atty. Gen., Joseph P. Murray, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

Before SHANGLER, P.J., and KENNEDY and FENNER, JJ.

KENNEDY, Judge.

Defendant was convicted upon jury trial of possession of methamphetamine, a controlled substance, in violation of § 195.020, RSMo 1986 (repealed 1989). He was sentenced as a prior offender and received a 7-year term of imprisonment.

Defendant appeals, contending that venireman Scott should have been excused for cause upon defendant's challenge, and that the trial judge abused her discretion in denying the challenge.

Following is a portion of the voir dire examination which defendant claims establishes cause for venireman Scott's excusal:

MR. SEEK [PROSECUTOR]: Is there any of you that have a bias either way concerning drug offenses?

VENIREMAN SCOTT: Yes. I'm involved in drug awareness with the Telephone Pioneers of America Chapter and Durant (phon.) Chapter for the State.

MR. SEEK: Would that affect your ability to fairly decide this case?

VENIREMAN SCOTT: I probably am biased on it, yes.

MR. SEEK: You're a member of what?

VENIREMAN SCOTT: Telephone Pioneers, and we have been setting up the drug awareness.

MR. SEEK: That's not measured on any personal experience?

VENIREMAN SCOTT: No, no experience.

Later, the prosecutor asked if any member of the panel knew Trooper Jack Owen or Trooper Eric Wilhoit:

VENIREMAN SCOTT: I know both of the patrolmen.

MR. SEEK: Would this affect your ability [to hear this case]?

VENIREMAN SCOTT: No.

At the conclusion of the voir dire, the court made further inquiry of the panel:

THE COURT: Mr. Scott, I want to question you again. You said that you might be biased with regard to drugs. When I asked earlier about following the law, you did not raise your hand, so I assume that you could follow the law as the Court gives it to you and follow those instructions, correct?

VENIREMAN SCOTT: I believe I could.

THE COURT: All right, regardless of what your personal feelings are toward drugs, can you set aside those personal feelings and base your decision solely from the evidence that's presented from the witness stand?

 

VENIREMAN SCOTT: Having never been involved in this before, I truthfully can't say. I really don't know how it would affect me.

We hold that the trial judge abused her discretion in rejecting defendant's challenge to venireman Scott.

A defendant is entitled to a full panel of qualified jurors from which to make his peremptory strikes. *State v. Stewart,* 692 S.W.2d 295, 298 (Mo. banc 1985); *State v. Hopkins,* 687 S.W.2d 188, 190 (Mo. banc 1985); *State v. Bevly,* 665 S.W.2d 46, 48 (Mo.App.1984). Where a prospective juror on voir dire has expressed doubt about his ability to decide the case on the basis of the evidence presented at the trial, without a predisposition against the defendant's position, he is subject to removal for cause. *State v. Campbell,* 739 S.W.2d 550, 552 (Mo.App.1987); *State v. Stewart,* 692 S.W.2d at 299.

In this case, Mr. Scott with commendable candor expressed doubt of his ability to set aside his bias and to decide the case on the law and the evidence. He was given the opportunity to give an unequivocal assurance that he could be fair and impartial, but he did not take the opportunity; he said, in effect, that he did not know if he could be fair and impartial. In this way, our case differs from *State v. Walton,* 796 S.W.2d 374, 377–79 (Mo. banc 1990), where the prospective juror indicated unequivocally that she could be a fair and impartial juror.

It does not save Mr. Scott as a qualified juror that he answered, to the court's rather coercive leading question, that he "believed" he could follow the law and the instructions. *State v. Wacaser,* 794 S.W.2d 190, 192–94 (Mo. banc 1990); *State v. Campbell,* 739 S.W.2d at 552; *State v. Hopkins,* 687 S.W.2d at 191. This case is ruled by *State v. Wacaser,* 794 S.W.2d at 192–94; *State v. Campbell,* 739 S.W.2d at 552; *State v. Holland,* 719 S.W.2d 453, 454–55 (Mo. banc 1986); and *State v. Hopkins,* 687 S.W.2d at 190–91.

Judgment reversed and cause remanded for a new trial.

All concur.