STATE of Missouri, Respondent,

v.

Douglas SANDERS, Appellant.

Douglas SANDERS, Appellant,

v.

STATE of Missouri, Respondent.

Nos. 60630, 61545.

Missouri Court of Appeals,
Eastern District,
Division One.

Dec. 15, 1992.

John Klosterman, Loyce Hamilton, St. Louis, for appellant.

William L. Webster, Atty. Gen., Rudolph R. Rhodes, IV, Asst. Atty. Gen., Jefferson City, for respondent.

CRIST, Judge.

Douglas Sanders (Defendant) appeals his conviction for felonious restraint and violation of an order of protection. § 565.120, RSMo 1986; and § 455.085, RSMo Supp. 1991. We affirm in part and remand in part.

Defendant does not challenge the sufficiency of the evidence. Therefore, only a brief recitation of the facts is necessary. Debra Walker (Victim) lived with Defendant from December 1989 to the spring of 1990. At that time, she moved out to live with her aunt. In June of 1990, Victim obtained an order of protection against Defendant pursuant to the Adult Abuse Act, § 455.045. On September 3, 1990 at 7:30 a.m., Victim was leaving work when Defendant approached her. Victim alleged Defendant hit her in the mouth and then pushed her into his car. Defendant took Victim back to his apartment where they had sexual intercourse. During the time in which Defendant and Victim were in the apartment, Robert Myers came by to collect the rent from Defendant. Victim asked Myers to stay and told him that Defendant would not let her leave. Myers

left but soon returned. Eventually Defendant agreed to let Victim leave the apartment after several of his friends appealed to him.

Defendant was arrested and charged with one count of sodomy, one count of felonious restraint, one count of violation of protection order, and two counts of rape. At trial, the jury acquitted Defendant of the sodomy and rape charges, but convicted him of felonious restraint and violation of an order of protection. Defendant was sentenced to seven years in the Missouri Department of Corrections. Defendant filed a timely motion for post-conviction relief under Rule 29.15, which was denied without an evidentiary hearing. Defendant's direct appeal and 29.15 appeal were consolidated.

Defendant's first point on appeal is the trial court erred in failing to strike Juror Grzonkowski for cause because she was not a qualified member of the venire panel. The following excerpts from voir dire are the basis of Defendant's claim:

[DEFENSE ATTORNEY]: And Ms. Grzonkowski, do you feel that you are going to be able to make him prove the case beyond a reasonable doubt? Do you feel at all in your mind right now that if Douglas does not testify in his own defense, that you would take that into consideration when you were deciding his guilt or innocence?

[JUROR]: Yes.

[DEFENSE ATTORNEY]: You would consider that?

[JUROR]: Yes.

[DEFENSE ATTORNEY]: Even if the Court instructs you that you're not to consider the fact that he doesn't take the stand as evidence of guilt or innocence, that should say nothing to you as far as evidence, even if you're instructed in that manner, do you think that you're still going to have the feelings you have right now?

[JUROR]: Yes, I do.

However, when defense counsel attempted to have Juror Grzonkowski stricken for cause, further questioning was had:

[DEFENSE ATTORNEY]: And I asked you if my client did not testify, would you take that into consideration when you're determining or deciding his guilt or innocence. Would you consider the fact that he doesn't testify?

[JUROR]: Are you saying to me the fact that he did not testify, I would think he was probably guilty?

[DEFENSE ATTORNEY]: I'm asking whether or not you would consider it at all.

[JUROR]: That he didn't testify?

[DEFENSE ATTORNEY]: Right.

[JUROR]: I would have to hear the whole thing, and I don't think that would make me form an opinion.

[DEFENSE ATTORNEY]: I wrote down that you said you would consider that for guilt.

[JUROR]: No.

[DEFENSE ATTORNEY]: I mean, we're not looking for a right or wrong answer here.

[JUROR]: I don't—I think you misunderstood me. Because I would not feel that way.

[DEFENSE ATTORNEY]: Okay. So if he doesn't testify, you're not going to hold that against him?

[JUROR]: No.

At this time, the trial court further inquired of Juror Grzonkowski:

[COURT]: Let me clarify it then. You understand that under the law, the defendant has a right not to testify. And you may or may not see that instruction, but that's the law. And if the defendant does not testify, you cannot take any inference—you can draw no conclusions from that fact. That's true for you, your children, anybody in the United States.

[JUROR]: Yes.

[COURT]: In this case, should the defendant decide not to testify, or his lawyer decide not to testify, and you're instructed that you cannot consider that, will you follow the Court's instructions?

[JUROR]: Yes.

In deciding whether to strike Juror Grzonkowski for cause, the trial court had broad discretion, and its decision will

not be overturned absent a clear abuse of that discretion. *State v. Hooker*, 713 S.W.2d 885, 887[5] (Mo.App.1986). Generally, a venireperson may be stricken for cause if he or she would draw an inference of guilt from defendant's failure to testify. *See, State v. Wolff*, 701 S.W.2d 777 (Mo. App.1985). However, this will not automatically disqualify the venireperson if "it appears reasonable to the trial court that the venireperson's opinion will yield and that he (or she) will determine the issues under the law...." *State v. Griffin*, 756 S.W.2d 475, 481[1] (Mo. banc 1988). The important question is whether the venireperson "ultimately stated in unequivocal terms that he (or she) could follow the instructions of the court and would not consider the failure to testify as evidence against the defendant." *State v. Lingar*, 726 S.W.2d 728, 734[6] (Mo. banc 1987).

■ Here, Juror Grzonkowski did state in unequivocal terms she could follow the instructions of the case. *See, State v. Leisure*, 796 S.W.2d 875 (Mo. banc 1990); *State v. Johnson*, 722 S.W.2d 62 (Mo. banc 1986); *State v. Brazil*, 813 S.W.2d 327 (Mo. App.1991); and *State v. Williams*, 721 S.W.2d 102 (Mo.App.1986). Defendant's reliance on *State v. Holland*, 719 S.W.2d 453 (Mo. banc 1986), is easily distinguished. In *Holland*, the Missouri Supreme Court held that a venireperson should be stricken for cause when he stated he could not presume the defendant innocent if he did not testify. *Id.* However, after the venireperson's initial statement, no further inquiry was made of the venireperson by the court or the prosecutor to determine whether he could follow the instructions. *Id.* at 454. In the case at hand, further inquiry of Juror Grzonkowski was made by the defense and the court. At that time, she assured the court she would have no problem following the law and could set aside her personal feelings. Therefore, we find no abuse of discretion. Point denied.

Defendant next avers the trial court erred in allowing Robert Myers to testify that in his opinion Defendant held Victim against her will. The testimony to which Defendant refers is as follows:

Q. And can you describe what you saw as you looked and saw Debra?

A. She was on the bed partially covered up with a blanket or something.

Q. And did she say anything to you?

A. Yes.

[DEFENSE ATTORNEY]: Objection, hearsay.

[COURT]: Overruled.

\* \* \* \* \* \*

Q. What did she say?

A. She asked me not to leave her. She wanted to go.

Q. Did Douglas [Defendant] say anything in response to that?

A. I don't remember his immediate response.

Q. Did you say anything?

A. I told—from that point, I asked him, you know, why was she here against her will.

Q. And skipping a little bit, why did you think she was against her will?

[DEFENSE ATTORNEY]: Objection, speculation.

[COURT]: Sustained.

The court also sustained Defendant's later objections when the State wanted to explore the opinion of Myers that Victim was held against her will.

■ Generally, a lay witness is allowed to testify about facts within his or her personal knowledge, but may not express opinions. *State v. Gray*, 731 S.W.2d 275, 285[6] (Mo.App.1987). However, it is at times difficult to distinguish fact from opinion. Therefore, we cannot say the trial court abused its discretion in making this distinction. Upon review of the record, we find no instance in which the trial court allowed Myers to give his opinion. Myers merely testified to facts within his personal knowledge, such as what was said and what he observed. When improper opinion evidence was threatened to be admitted, the trial court sustained Defendant's objection. Since a witness is allowed to testify about what is in his or her firsthand knowledge, no error resulted. Point denied.

■ Defendant also raises a *Batson* challenge to the State's use of two peremptory strikes against African–American venirepersons. After the State used said strikes, defense counsel moved for a mistri-

al and an order to quash the jury panel because the State had removed two African–American venirepersons. The trial court did not require the State to provide race-neutral explanations for said strikes and denied the motions. The trial court stated that Defendant did not make a prima facie case because the State only struck two out of nine African–American venirepersons. However, the trial court was in error and should follow the mandate of the United States Supreme Court and the Missouri Supreme Court. *Powers v. Ohio,* —— U.S. ——, 111 S.Ct. 1364, 113 L.Ed.2d 411 (1991); *State v. Parker,* 836 S.W.2d 930 (Mo. banc 1992); and *State v. Antwine,* 743 S.W.2d 51 (Mo. banc 1987). Therefore, we are required to remand to the trial court for a hearing. At said hearing the trial court should require the State to provide an explanation for the use of its peremptory strikes. *Parker,* 836 S.W.2d at 939[12]. The trial court must then follow the guidelines set forth in *Parker* to determine whether the Defendant has carried the burden of proof. *Id.* at 939–40[12–14].

The case is remanded for a hearing on the *Batson* issue as above stated. The judgment is in all other respects affirmed.

AHRENS, P.J., and REINHARD, J., concur.