STATE of Missouri, Plaintiff-Respondent,

v.

Melba Jean WOOD, Defendant-Appellant.

No. 10435.

Missouri Court of Appeals, Southern District.

Jan. 2, 1979.

---

**3.** The noun "etiology" is used here to mean all of the causes of a disease or abnormal condition.

Henry S. Clapper, Monroe, Clapper & Randall, Monett, for defendant-appellant.

John D. Ashcroft, Atty. Gen., J. Michael Davis, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

BEN F. PYLE, Special Judge.

Appellant, Melba Jean Wood, hereinafter referred to as defendant, was on March 8, 1976, convicted of burglary in the second degree by a jury in the Circuit Court of Lawrence County, Missouri, and ultimately sentenced to a term of two years imprisonment in the Missouri Department of Corrections.

Defendant's only issue on appeal is whether the trial judge committed plain error by refusing to strike a certain venireman from the jury panel. Defendant claims that Juror Melvin Prewett should have been stricken for cause and the refusal to do so by the trial judge denied her the right to a full panel of qualified jurors before she made her peremptory challenges, and that she was obligated to use one of her peremptory challenges to remove Prewett from the jury.

The defendant claims that the trial court committed plain error in failing to grant her request to strike Prewett from the panel for cause because Prewett was a Missouri Conservation Agent, deputized and commissioned to enforce the wildlife and forestry laws of the State of Missouri, and was also the husband of a Deputy Circuit Clerk of Lawrence County, Missouri.

Prewett was sworn as a prospective juror and stated during the voir dire examination that he was employed by the Missouri Conservation Commission and that his primary job with the Commission was fish culture at the Chesapeake Hatchery. He further stated that he had been so employed in that capacity for 15 years. When asked by defendant's counsel whether anyone on the jury panel was now carrying a Deputy Sheriff's Commission, or any kind of law enforcement commission, Prewett stated, "I guess, well I have a commission to enforce the Wildlife Code." He denied that having such a commission would prejudice him one way or the other in the case and would not cause him to give more or less weight to any of the testimony to be presented. In response to questioning by the defendant's counsel, Prewett stated that the fact that his wife was a Deputy Circuit Clerk of Lawrence County would definitely not cause him to be prejudiced one way or the other in the case. This was the extent of the examination of Prewett by either side. Prior to the exercise of the peremptory challenges, counsel for defendant challenged Prewett for cause on the ground that he was a conservation agent and husband of a Deputy Circuit Clerk. This challenge was denied by the court.

There is no question that Prewett was employed by the Missouri Conservation Commission and that his duties all during that time were in the area of culturing fish. The record, however, is somewhat unclear as to whether he was or was not an authorized agent with any responsibility for actually enforcing the Wildlife Code. Assuming

for the purpose of argument that he was an authorized agent, the court finds that the trial judge did not abuse his discretion in refusing to strike Prewett.

Defendant cites the case of *State v. Butts*, 349 Mo. 213, 159 S.W.2d 790 (1942), as authority for her contention that Prewett should have been struck for cause because he is an agent for the Missouri Conservation Commission. In that case the Supreme Court of Missouri held that it is bad practice to withdraw a police officer from the performance of his duties to fill a jury panel, and a police officer should in no case serve as a juror in a criminal case. In that case the prospective juror was a police officer on the Kansas City, Missouri, Police Department, and had been for the eight preceding years. The court pointed out that because the Chief of Police, who was his superior, and other police officers were material witnesses in the case, that the disqualification of the juror should not have been a debatable question and it was error for the trial court not to disqualify him.

■ Here the factual situation is completely different. Juror Prewett is not a police officer but an agent of the Conservation Commission. Actually, he is a law enforcement officer only in the narrow sense because he has only those limited powers conferred on him by § 252.080, RSMo 1969, V.A.M.S., which is the power to serve criminal process and to arrest *only* in such cases as are violations of the fish and game laws of this state and the rules and regulations of the Commission. He has no power as a law enforcement officer or police officer in respect to violations of the General Criminal Laws of this state. There is no showing, as in *Butts, supra*, that Prewett was in daily contact with crime or law enforcement or that he was in anyway acquainted with or knew any of the witnesses involved in this case. His only duty as employee or agent of the Commission for 15 years was in the culture of fish—not in the enforcement of the Wildlife Code. This court is of the opinion that the holding in *Butts* does not disqualify a conservation agent as a juror merely because he is such

an agent. He stands on the same footing as any private citizen. In order to disqualify Prewett as a juror there must be some showing that he had a state of mind which would tend to show bias or prejudice against the defendant. Here the defendant does not allege nor does the record reflect any such state of mind on the part of Prewett. In fact, the record clearly shows that Prewett denied any prejudice on his part because he was an agent for the Commission.

■ The bare fact that a juror is connected with law enforcement does not necessitate a finding that he would not be an impartial juror. *State v. Wraggs*, 512 S.W.2d 257[2, 3] (Mo.App. 1974); *State v. Holliman*, 529 S.W.2d 932[12] (Mo.App. 1975).

■ This court is of the further opinion that the fact that Juror Prewett was the husband of the Deputy Circuit Clerk of the County, either standing alone or in connection with his being a conservation agent, did not require that he be struck for cause.

■ The defendant claims that the failure to strike Juror Prewett for cause was plain error and resulted in manifest injustice to her under Rule 27.20(c), V.A.M.R. Defendant's counsel, in oral argument, claimed that the trial court was without discretion in this matter since Prewett was a class of persons who must not be used as jurors. This is not a correct statement of the law. The trial court does have discretion in non-statutory disqualifications, and where there is no clear abuse of that discretion, then a proper exercise thereof is not plain error within the meaning of Rule 27.-20(c), V.A.M.R.; *State v. Brauch*, 529 S.W.2d 926[9] (Mo.App. 1975).

This court finds no manifest injustice resulted to the defendant for the failure of the trial court to strike Juror Prewett for cause, and the trial court did not abuse its discretion.

Finding no error, plain or otherwise, the judgment is affirmed.

FLANIGAN, P. J., STONE and TITUS, JJ., and KENNEDY and CAMPBELL, Special Judges, concur.