**STATE of Missouri, Respondent,**

v.

**Ronnie MORRIS, Appellant.**

**No. 43575.**

Missouri Court of Appeals,
Eastern District,
Division Three.

April 19, 1983.

Robert A. Hampe, St. Louis, for appellant.

John Ashcroft, Atty. Gen., Paul Robert Otto, Asst. Atty. Gen., Jefferson City, George A. Peach, Circuit Atty., St. Louis, for respondent.

REINHARD, Judge.

Defendant appeals after his conviction by a jury of assault in the first degree in violation of § 565.050, RSMo. 1978. The court found defendant to be a persistent offender and, pursuant to § 558.016, RSMo. 1978, sentenced him to 18 years' imprisonment. We affirm.

The state introduced evidence showing that on the evening of February 2, 1980, defendant, along with another man, smashed the windows in the victim's car, a green Cadillac. Just minutes later, when the victim got into his car to drive away, the defendant and the second man, also in a car, repeatedly rammed the victim's car until the victim's car careened onto a curb and hit a sign. The victim got out of his car and ran onto the porch of a nearby house and pounded on the door in an effort to get help. The defendant and his companion chased the victim onto the porch and knocked him down. The defendant then used a knife to very severely cut the victim in several places on his face, and defendant's companion stabbed the victim three times in the back. The two then fled. When the police arrived, the victim identified his attackers by name, and defendant's was one of the names he gave.

Defendant relied on an alibi defense. Two witnesses testified that defendant had been at a party in their presence on the night of the alleged attack.

On rebuttal, the state called a previously undisclosed witness who testified that on the evening of February 2, 1980, he had seen two men, one of whom he recognized as defendant, smashing the windows on a green Cadillac. The rebuttal witness stated he had learned about the trial only the day before when he had run into the victim with whom he was acquainted. He said the victim told him about the trial and that he voluntarily came to the courthouse and agreed to testify on the second day of the trial. The prosecuting attorney, in arguing against defendant's objection to admission of this witness' testimony, stated that he had learned of the existence of this witness only 15 minutes before the witness took the stand.

In his sole point on appeal, defendant contends the trial court erred in admitting the testimony of the state's rebuttal witness because the existence of the witness was not previously disclosed to defendant. Defendant concedes that, in most circumstances, the state need not disclose the existence of a rebuttal witness. Rule 23.01(f). However, he contends that this rebuttal witness was used to rebut defendant's alibi defense and, therefore, under *State v. Curtis*, 544 S.W.2d 580 (Mo. banc 1976), the court

should not have admitted his testimony without his having been previously endorsed. The state contends that the witness in question was not used to rebut defendant's alibi, and therefore, the state was not required to endorse him as a witness.

 Whether we accept as accurate defendant's assertion that the witness was used to rebut the testimony of defendant's alibi witnesses is immaterial to our resolution of this case. Under Rule 23.01(f) the court has discretion to permit the late endorsement of any material witnesses. *Johnson v. State,* 574 S.W.2d 936, 939 (Mo. App.1978). Absent an abuse of discretion or prejudice to the defendant a conviction should not be overturned because a witness was endorsed on the day of trial. *State v. Strawther,* 476 S.W.2d 576, 579 (Mo.1972). In exercising its discretion, the court should consider whether the defendant waived his objection, whether the state intended to surprise or disadvantage the defendant, whether the defendant was actually surprised or disadvantaged, and whether the testimony could have been readily foreseen by the defendant. *Id.* at 579–80.

In this case, the defendant clearly did not waive his objection to the court's permitting the witness to testify. His counsel objected at trial and preserved the point in the motion for new trial. On the other hand, the state clearly did not attempt to surprise or disadvantage the defendant by failing to endorse the witness earlier. The state did not discover the existence or identity of the witness until 15 minutes before the witness took the stand. Both the state and the defendant were surprised by the appearance of this witness. While we find the defendant was surprised by the appearance of this witness, we find he has not shown he was disadvantaged or prejudiced. The state had built a strong case against defendant before the surprise witness appeared. The victim had clearly and repeatedly identified defendant as one of his assailants, and his testimony was corroborated by the testimony of police officers. There were no significant inconsistencies in the state's evidence. Further, the defendant failed to seek a continuance or delay to interview the witness or to prepare to meet the witness' testimony. Faced with similar circumstances, our brethren in the Southern District held in *State v. Lorenze,* 592 S.W.2d 523, 527 (Mo.App.1979), that the defendant, charged with rape and asserting an alibi defense, was not prejudiced when the trial court permitted a state's witness, discovered on the day of trial, to testify about the defendant's whereabouts on the night of the crime.

We recognize that Rule 23.01(f) is intended to discourage late endorsement of witnesses, but we also recognize "that late endorsements must sometimes be permitted if they can be made without prejudice to the defendant's rights." *State v. Strawther,* 476 S.W.2d at 579 (*quoting State v. Cobb,* 444 S.W.2d 408, 415 (Mo. banc 1969)). We think this is such a case.

Judgment affirmed.

CRANDALL, P.J., and CRIST, J., concur.