**STATE of Missouri,
Plaintiff-Respondent,**

v.

**James Darnell MAYES,
Defendant-Appellant.**

**No. 46648.**

Missouri Court of Appeals,
Eastern District,
Division Three.

Oct. 11, 1983.

Motion for Rehearing and/or Transfer to Supreme Court Denied Nov. 30, 1983.

Application to Transfer Denied
Jan. 17, 1984.

Henry Robertson, Public Defender, St. Louis, for defendant-appellant.

John M. Morris, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

GAERTNER, Judge.

Appellant was found guilty by a jury of robbery in the first degree and carrying a concealed weapon. He was sentenced as a persistent offender to thirty years and five years consecutively. On appeal he asserts a single point—that the trial court erred in overruling his objection to the late endorsement of a prosecution witness.

It was charged by information that appellant committed the offense of robbery in the first degree by forcibly and by display of what appeared to be a weapon taking money and a calculator in the possession of Steven Penny. The name Steven Penny appeared on the face of the information but was not endorsed on the back thereof. After the selection of the jury, the State called Penny as its first witness. Defendant's counsel objected that Penny was not endorsed as a witness. The trial court thereupon granted leave to the State to endorse him at that time. The court stated "there is no question about surprise here."

Appellant's counsel made no objection at that time. Appellant did not then nor does he here claim surprise nor that he was unprepared to confront the testimony of the witness. Indeed, he could not, for immediately preceding the commencement of the trial a hearing on appellant's motion to suppress Penny's identification testimony had been conducted and the motion overruled.

 Rule 23.01(f) specifically authorizing endorsement of witnesses at any time under order of court vests broad discretion in the trial court which will not be disturbed in the absence of demonstrated prejudice to the defendant. *State v. Greathouse,* 627 S.W.2d 592, 595 (Mo.1982); *State v. Carmack,* 633 S.W.2d 218, 220 (Mo.App.1982).

Appellant does not claim prejudice here. Rather, he argues that permitting such a late endorsement makes "a mockery of the Statute and the Rules." Having tried without avail to suppress the testimony of the witness, appellant can hardly claim he did not know the witness was going to testify. Having participated in the hearing on the motion to suppress he can hardly claim he was uninformed as to the content of the witness' testimony. He sought no continuance and made no objection to the granting of leave to make the late endorsement.

The judgment is affirmed.

CRANDALL, P.J., and CRIST and REINHARD, JJ., concur.