STATE of Missouri,
Plaintiff-Respondent,

v.

Floyd JOHNSON, Defendant-Appellant.

No. 47795.

Missouri Court of Appeals,
Eastern District.

June 28, 1985.

Motion for Rehearing and/or Transfer
Denied Aug. 28, 1985.

Application to Transfer Denied
Oct. 16, 1985.

Mary Elise Burnett, Jefferson City, for plaintiff-respondent.

Mark V. Clark, Columbia, for defendant-appellant.

EDWARD P. HODGE, Special Judge.

Defendant appeals from a conviction of second degree murder in violation of Section 565.004 RSMo.1978. The defendant was sentenced by the trial court to 75 years imprisonment, the jury being unable to agree on punishment.

On appeal, defendant's brief attributes four errors to the trial court. First, defendant claims error in the trial courts refusal to grant a mistrial because of a statement made by the prosecuting attorney during closing argument. The statement to which defendant objects was as follows: "You can understand here what his function is when he joins in the bold face lie that his man has entered into." The trial court overruled the objection stating, "It's a comment on your argument. That one will be overruled."

■ Appellate review of the refusal to grant a mistrial is limited to a determination of whether, as a matter of law, the trial court abused its discretion in refusing the request. *State v. Nolan,* 423 S.W.2d 815 (Mo.1968).

■ Although it would appear that the prosecutor's statement may have exceeded fair comment upon the argument of defense counsel, we do not believe the error, if any, in failing to sustain the objection was of such magnitude as to require a mistrial. Granting a mistrial for improper argument is a harsh remedy to be exercised only when the overtones of prejudice can be removed by no other means. *State v. Phelps,* 478 S.W.2d 304 (Mo.1972). The comment was clearly made in response to the argument of defense counsel, the only question being whether the response exceeded the bounds of propriety. Here, we must defer to the discretion of the trial court, it being in a better position to evaluate the effect of the argument on the jury. We find no abuse of discretion rising to the level requiring a mistrial. *State v. Hammond,* 578 S.W.2d 288, 289 (Mo.App.1979)

■ Next, defendant claims error in that the trial court allowed the jury to have a warning and waiver form during its deliberations, in violation of Missouri discovery rules. We note that defense counsel felt compelled to present the point under the holding of *State v. Zeitvogel,* 649 S.W.2d 945 (Mo.App.1983), which held that the attorney on appeal should include points requested by his client even though counsel believes the argument to be groundless.

In *State v. Johnson,* 672 S.W.2d 160 (Mo. App.1984) this Court, noting *Jones v. Barnes,* 463 U.S. 745, 103 S.Ct. 3308, 77 L.Ed.2d 987 (1983), held it was no longer necessary for defense counsel to raise such issues. It further held that should such issues be raised, it was not necessary for the state to respond nor for the Court to decide. We rule on the question only because the issue was briefed by both counsel.

We find the claim without merit. The exhibit was admitted into evidence and the defense counsel had prior knowledge of its existence and cannot claim surprise. *State v. Sykes,* 628 S.W.2d 653 (Mo.1982).

■ Defendant's third allegation of error is directed to Instructions 9 and 10, being the verdict directing instructions for murder second degree (MAI2d 15.14) and manslaughter (MAI2d 15.18). In both instructions the phrase "by striking him with a stock and kicking him," was used to describe the means by which death was caused. Defendant claims that such description exceeded the permissible description of acts attributable to defendant and violated the Notes on Use. We disagree. The described actions of defendant were clearly supported by the evidence and in conformity with the Notes on Use. Again, defense counsel raises this issue pursuant to the holding in *State v. Zeitvogel,* supra. It was not necessary that the State respond.

Finally, defendant asserts that the trial court abused its discretion in overruling defendant's objection to the endorsement of witness Gerjua Rowe on the day of trial.

■ The trial court has broad discretion in permitting the endorsement of witnesses on the Information. *State v. Hodges,* 586 S.W.2d 420 (Mo.App.1979). Endorsement on the day of trial will not be considered an abuse of discretion absent demonstrated prejudice to the defendant. *State v. Mayes,* 661 S.W.2d 608 (Mo.App. 1983).

215

In the present case it appears that counsel for defendant could not claim surprise as the same witness had been previously endorsed in a companion case and defense counsel was generally aware of what her testimony would be. We find no error. Defense counsel can neither claim surprise by the late endorsement, nor can he deny that the testimony of the witness was readily foreseen. *State v. Morris,* 650 S.W.2d 712 (Mo.App.1983).

Judgment affirmed.

SIMON, P.J., and STEPHAN, J., concur.