STATE of Missouri,
Plaintiff-Respondent,

v.

Larry EDWARDS, Defendant-Appellant.

No. 50755.

Missouri Court of Appeals,
Eastern District,
Division Two.

Sept. 16, 1986.

amendment took effect, we apply the controlling law at the time of the assault. *See* § 565.- 060 RSMo Cum.Supp.1984.

William J. Shaw, Mary Elizabeth Dockery, Clayton, for defendant-appellant.

John M. Morris, Elizabeth Ann Levin, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

REINHARD, Judge.

Defendant was convicted by a jury of stealing a motor vehicle and carrying a concealed weapon, and was sentenced in accordance with the punishment assessed by the jury to two concurrent terms of three years' imprisonment. He appeals; we affirm.

Defendant does not challenge the sufficiency of the evidence; therefore, we briefly recite the pertinent facts. At approximately 1:35 a.m. on August 4, 1984, two St. Louis County Police Officers were conducting undercover surveillance of an apartment complex in North St. Louis County when they observed three men standing around a pickup truck. The officers noticed a motorcycle lying on its side in the back of the truck and became suspicious, so they followed the vehicle after two of the suspects got into the truck and began to drive around the apartment complex. When the truck stopped, one of the officers noticed that its license plates had expired and detained defendant, who was the driver. Defendant initially did not respond when asked who owned the motorcycle in the back of the truck. He later said he did not know to whom it belonged. The officers observed what appeared to be a plastic bag containing marijuana inside the truck on the passenger side. Defendant was arrested and a search revealed that he was carrying a screwdriver in his back pocket and that there was a loaded .38 caliber handgun concealed under the driver's seat. An inspection of the motorcycle indicated that its handlebar lock had been "jimmied." The motorcycle belonged to Maurice Norman, who had parked it outside the apartment complex that night at approximately 1:30 a.m. He reported it stolen the next morning and identified the motorcycle that had been in defendant's truck as his. He estimated that the motorcycle had sustained $150 in damages.

These events led to defendant being charged with stealing a motor vehicle, carrying a concealed weapon, and possession of marijuana. After a jury trial, he was found not guilty of possessing marijuana but was convicted on the other two counts.

In his sole point on appeal defendant contends that:

The trial court erred in in (sic) refusing appellant's request to strike venireman Weaver from the panel of prospective jurors in appellant's case for the reason that the examination of venireman Weaver revealed that he was an active reserve police officer and therefore unqualified to serve on a jury in which the prosecution intended to call police officers as witnesses ...

Mr. Weaver's testimony on voir dire was as follows:

[Prosecutor]: Has anybody here ever studied law or had any legal training or have [sic] anyone in your immediate family, which would be a spouse or children who have ever studied law or had legal training, an attorney, police officer?

\*　　\*　　\*　　\*　　\*　　\*

[Prosecutor]: Okay. Mr. Weaver?

MR. WEAVER: Yes. I'm a member of the Police Reserve Unit.

[Prosecutor]: And what police department would that be in?

MR. WEAVER: Webster Groves.

[Prosecutor]: In Webster Groves? Are you actually a commissioned police officer in Webster Groves or you are a reserve officer and oversee the other reserve officers there in Webster Groves?

MR. WEAVER: Uh-huh.

[Prosecutor]: Okay. Let me ask you this. As long as you've mentioned it, Mr. Weaver, because this is another question, and I'm sure if I don't ask, Mr. Ochs will. You've already heard that some of the witnesses in this case are going to be police officers, at least one of

them, and another one of them is going to be a civilian employee of the police department.

You wouldn't—Mr. Weaver, you wouldn't have any tendency to automatically give more credibility to a police officer than any other witness?

MR. WEAVER: No, sir.

[Prosecutor]: Okay. You understand that you can't really do that. Now when they testify and you've heard their background and credentials, you can begin to make certain determinations about their credibility. But just automatically, you wouldn't necessarily give them any more credibility than any other witness?

MR. WEAVER: (Inaudible.) [1]

[Prosecutor]: Okay.

Mr. Weaver was not questioned further on this subject.

In considering defendant's assertion of error, we keep in mind that the trial court has broad discretion in determining the qualifications of prospective jurors and its decision will not be disturbed on appeal unless a clear abuse of that discretion is shown. *State v. Robinson*, 595 S.W.2d 9, 11 (Mo.App.1979).

It is evident from defendant's point on appeal and the argument portion of his brief that he is contending a per se rule has been established which required the court to grant his motion to strike venireman Weaver for cause in light of Weaver's testimony that he is a reserve police officer with the Webster Groves Police Department and the fact that police officers were going to be called as witnesses at trial. In support of his argument defendant cites *State v. Butts*, 159 S.W.2d 790 (Mo.1942).

In *Butts* the supreme court reversed a judgment after finding that the trial court had erroneously admitted a confession into

evidence and denied defendant's motion to strike for cause a venireman who was an active member of the Kansas City Police Department. The court said:

Appellant challenged the juror for cause, assigning as a reason that he was a member of the police department. The challenge should have been sustained. In view of the fact that the chief of police, who was the prospective juror's superior, and other police officers were material witnesses in the case, the disqualification of the juror should not have been a debatable question.

*Id.* at 793. As defendant points out, the Court also commented that:

It ought not be necessary to withdraw police officers from the performance of their duties to fill a jury panel. It is bad practice to do so for the trial of civil cases, and a police officer should in no case serve as a juror in a criminal case . . .

Note the terse statement by this court in *State v. Langley*, 342 Mo. 447, 116 S.W.2d 38: "In the first assignment of error in his brief, appellant challenges the correctness of the ruling in not sustaining his challenge for cause Jurors John Ball and O. M. Williams. On their voir dire examination these two jurors stated that they were deputy sheriffs but that they were not active. We think the objection of appellant was well taken. There are many reasons why a deputy sheriff should be disqualified in a criminal case, especially where the sheriff is a witness for the state, as in the case at bar . . ." [2]

*Id.* at 794.

In both *Butts* and *State v. Langley*, 342 Mo. 447, 116 S.W.2d 38 (1938), cited in the

---

1. Comments made by counsel and the court in connection with the motion to strike juror Weaver indicate that Weaver answered in the negative.

2. The reasons why a deputy sheriff should not serve on a jury were expressed as follows in *State v. Langley*, 342 Mo. 447, 116 S.W.2d 38 (1938):

A deputy sheriff, under the circumstances, cannot be said to be impartial. It is obvious that he might be interested in a conviction because of the additional fees and prison board the sheriff might thereby collect. He might be interested because his own salary might, if so agreed, depend upon the number of convictions, as is often the case, in certain counties. His loyalty to his chief and fellow

quotation above, the challenged venireman's superior was a witness for the state. We do not read those cases as establishing a per se rule disqualifying law enforcement officials as jurors in criminal cases. Indeed it has repeatedly been held that "[a]ffiliation or connection with law enforcement alone is not enough reason to sustain a challenge for cause." *State v. Holliman*, 529 S.W.2d 932, 940 (Mo.App. 1975); *State v. Wraggs*, 512 S.W.2d 257, 258 (Mo.App.1974).[3]

In *State v. Cashman*, 485 S.W.2d 431 (Mo.1972), two prospective jurors were unsuccessfully challenged for cause based upon their relationship to law enforcement officials. One was the wife of a former police officer and the other was the son of a man who had been employed by the sheriff's office and as a county jailer. In considering whether the trial court erred in denying defendant's challenges to those jurors, the supreme court stated: "Had the husband and father, respectively, of these persons been the persons challenged, their connection with law enforcement, standing alone, would not have been reason for sustaining a challenge for cause. The denial of the challenges here was not error." *Id.* at 434.

In *State v. Woods*, 575 S.W.2d 943 (Mo. App.1979), the challenged juror was a conservation agent and the husband of the Deputy Circuit Clerk of Lawrence County, Missouri, where the case was tried. The defendant relied on *Butts* to support her contention that the trial court erred in failing to sustain her challenge for cause; however, the Southern District of the Missouri Court of Appeals, in affirming the judgment, distinguished *Butts* and noted that "[t]he bare fact that a juror is connected with law enforcement does not necessi-

tate a finding that he would not be an impartial juror." *Id.* at 945.

Finally, in a case involving a challenge to a venireman who was a retired reserve police officer, the Western District of the Missouri Court of Appeals stated:

Appellant contends ... that the court erred in denying defendant's challenge for cause upon voir dire examination of jury panelist George Ellett. His argument is that since Mr. Ellett had been in the reserve unit of the Excelsior Springs Police Department for several years, he was "so imbued with a philosophy of law enforcement that it is impossible for him to be impartial."

Mr. Ellett, a retired reserve police officer of 26 years' experience, when asked if he could try the case fairly and impartially in light of his police experience, answered unequivocally that he could. In such circumstances, defendant quite properly "readily admits that in similar cases, the Courts of this state have held that no prejudice results from a mere affiliation with a law enforcement agency, ..."

In addition to appellant's concession of the law adverse to his argument, there is nothing in this record to show other than that Mr. Ellett was free from prejudice and able to accord the accused a fair and impartial trial. Accordingly, there is no abuse of discretion upon which to disturb the trial court's ruling on the challenge for cause. (Citations omitted).

*State v. Lewis*, 526 S.W.2d 49, 52–53 (Mo. App.1975).

 It is evident from a reading of these cases that venireman Weaver was not subject to disqualification under any per se rule and that the present case is distinguishable from *Butts*. Defendant's contention of error must rest upon additional

---

deputies would certainly have its weight. The likelihood exists that he had become conversant with the facts in the case, and was more or less convinced as to the guilt of defendant. Moreover, our statute exempts a deputy sheriff from jury service. Section 8748, R.S.Mo. 1929 [Mo.St.Ann. § 8748, p. 4692]. (Citations omitted.)

*Id.*

**3.** This view is in accordance with that expressed in 50 C.J.S. *Juries* § 210: "In the absence of a statute to the contrary, public officials are not necessarily incompetent to serve as jurors in the trial of a particular case." *See* also Annot., 72 A.L.R.3d 895 (1976).

circumstances which might have indicated that venireman Weaver could not be impartial. However, no such circumstances existed here. Weaver testified that he would not give more credence to police officers than other witnesses. There is nothing in the record to indicate that he had any connection with the St. Louis County Police department, which investigated the crime, or that he knew any of the officers who testified. The crime occurred in north St. Louis County, not in Webster Groves, and there is no indication that Weaver had acquired any information regarding the offense. Finally, it is important to recognize that Weaver was a reserve officer, not an active full-time police officer.

While the circumstances surrounding the connection of prospective jurors with law enforcement should be carefully scrutinized, we find nothing in the record to show other than that venireman Weaver was free from prejudice and able to accord the accused a fair and impartial trial. The trial court did not abuse its discretion in denying defendant's challenge for cause.

Judgment affirmed.

DOWD, P.J., and CRIST, J., concur.