**James MAYES, Appellant,**

**v.**

**STATE of Missouri, Respondent.**

**No. 53824.**

Missouri Court of Appeals,
Eastern District,
Division One.

Aug. 2, 1988.

Robert Brooks Ramsey, Clayton, for appellant.

William L. Webster, Atty. Gen., Karen A. King, Asst. Atty. Gen., Jefferson City, for respondent.

GARY M. GAERTNER, Presiding Judge.

Movant James Mayes appeals from the denial of his Rule 27.26 motion after an

evidentiary hearing. Movant was convicted by a jury of first degree robbery and carrying a concealed weapon for which he was sentenced to a total of thirty-five years. This court affirmed the conviction on direct appeal. *State v. Mayes*, 661 S.W. 2d 608 (Mo.App.,E.D. 1983). In his Rule 27.26 motion, movant alleged ineffective assistance of counsel resulting from counsel's alleged failure to make reasonable efforts to contact and produce at trial a known defense witness. On appeal movant argues that the motion court erred in denying his motion. We affirm.

Initially we note the standard of review employed in evaluating movant's claim of error. Our determination is limited to whether the findings, conclusions and judgment of the motion court are clearly erroneous. *Sanders v. State*, 738 S.W.2d 856, 857 (Mo. banc 1987); Rule 27.26(j). The motion court's findings and conclusions are clearly erroneous if a review of the entire record leaves this court with a definite and firm impression that a mistake has been made. *Richardson v. State*, 719 S.W.2d 912, 915 (Mo.App., E.D.1986). In order to prove ineffective assistance of counsel, movant must not only show that trial counsel's performance failed to rise to the level of reasonable professional standards, but also that the alleged ineffective assistance affected the outcome of the trial. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984); *Bradford v. State*, 735 S.W.2d 118, 120 (Mo.App., E.D. 1987). We next evaluate movant's claim in light of these principles.

At trial movant presented the defense of involuntary intoxication. Movant testified that the night before the robbery he smoked PCP, a controlled substance. Movant testified that the PCP continued to affect him the next day in such a way that he was unable to understand the nature of his actions at the time of the robbery. Movant argues on appeal that his trial counsel was ineffective for failing to locate and present the testimony of Donald Stepps to support his involuntary intoxication defense. At the evidentiary hearing, Stepps testified that he smoked PCP with movant and described the effect the PCP had on movant. Stepps could not, however, recall the date this occurred. Further, Stepps' testimony indicated that he smoked PCP with movant the day of the robbery whereas movant testified that he and Stepps ingested the illegal drug the night before the robbery.

Movant alleged at the evidentiary hearing that he informed defense counsel of Stepps' identity and location. Defense counsel stated at the evidentiary hearing that he did not recall being informed of Stepps' identity or location. Movant argues that counsel's failure to locate Stepps forced movant to rely solely on his own testimony for his defense. Movant asserts that counsel's performance fell below that of a reasonably competent attorney and he should therefore receive a new trial.

Movant failed to meet his burden of proof on the issue of ineffective assistance of counsel. At the evidentiary hearing the testimony regarding counsel's alleged failure to contact Stepps conflicted. Furthermore, Stepps' testimony would have been of questionable value since it conflicted with that of movant in some respects, and would have been cumulative at best as to the drug's effect on movant. Thus movant failed to show how he was prejudiced by the alleged ineffective assistance. *Strickland*, 466 U.S. at 687, 104 S.Ct. at 2064. For, in order to succeed on a claim of ineffective assistance, a movant must show that but for counsel's alleged deficient performance the result of his trial would have been different. *Stokes v. State*, 688 S.W.2d 19, 23 (Mo.App., E.D. 1985). The motion court's findings, conclusions and judgment were not clearly erroneous.

Finding movant's argument on appeal to be without merit, we affirm.

REINHARD and CRIST, JJ., concur.