**STATE of Missouri, Respondent,**

v.

**James JONES, Jr., Appellant.**

No. 61434.

Missouri Court of Appeals,
Eastern District,
Division One.

June 1, 1993.

S. Paige Canfield, John Klosterman, St. Louis, for appellant.

J. Christian Goeke, Asst. Pros. Atty., Franklin County, Union, for respondent.

CRIST, Judge.

Defendant appeals from his conviction for third degree assault in connection with his attack on a thirteen-year-old girl. We affirm.

On March 16, 1991, Victim, a thirteen-year-old girl, was in her home with her sisters. Victim's mother was not home. Victim ate dinner, then, eventually went to the living room to watch television. Victim's mother's boyfriend, Defendant, who had been spending the night for several months, was also in the house.

Defendant came into the living room and began a conversation with Victim. At one point in the conversation, Defendant started telling Victim that he killed people. He told Victim if he killed her right then, her mom would get mad for a little while, but would still come back to him.

Victim then went to her mother's room and began looking in the mirror. Defendant came in the room and asked her to teach him to tie a tie. She used a scarf to show him, then put it around her own neck and sat on her mother's bed. Defendant continued to speak about the fact that he killed people. Defendant then pushed Victim down on her back on the bed and pinned down her arms. With his legs, Defendant attempted to spread apart Victim's legs. Defendant continued to talk about killing people during this time. He then let Victim go and she ran into the living room.

Defendant came in to the living room and asked Victim if she was ready for the truth. She said yes. Defendant went into the kitchen and returned with a knife in his back pocket and sat in front of Victim. Defendant began to ask Victim repeatedly to be his girlfriend. After Victim refused several times, Defendant grabbed the scarf which was still around Victim's neck and tried to choke her. Victim screamed, and Defendant let go. Victim ran to her sister's room.

In his first point, Defendant asserts the trial court abused its discretion in failing to grant a mistrial after certain testimony was given by an investigating police officer and by Victim. First, the prosecutor asked Officer Thomas Seymour, who responded to the crime scene, whether he wrote any notes at or near the time of the attack. Seymour responded he "wrote a report for an assault, sexual abuse, first degree." Defendant was being tried only for assault, not sexual abuse. Defense attorney asked for a mistrial. The judge denied the mistrial but instructed the jury to disregard the remark.

When a witness unexpectedly volunteers an inadmissible statement, the rule is "the nature of the action called for rests largely within the discretion of the trial court, that the trial judge has a duty to evaluate the whole situation to ascertain whether some other remedy short of a mistrial will cure the error, and that the appellate court reviews that decision only to verify that there has been no abuse of discretion." *State v. McClain*, 531 S.W.2d 40, 44–45[6] (Mo.App.1975). A mistrial is a drastic remedy and should be granted only in extraordinary circumstances. *State v. Shaline*, 793 S.W.2d 167, 171[15] (Mo.App. 1990).

Here, the reference to the sexual abuse report was brief; and after a brief discussion with the attorneys, the trial judge instructed the jury to disregard the comment. Further, any prejudicial impact was weakened by the fact that other evidence of Defendant's sexual attack on Victim was appropriately introduced into evidence. Victim testified that Defendant jumped on her, tried to force her legs apart with his legs, and asked her to be his "girlfriend." *See State v. West*, 743 S.W.2d 592, 593[1] (Mo.App.1988) (testimony of other crimes is admissible where it is so closely intertwined with the facts of the crime being charged that it is an integral part of it).

In addition, another investigating officer, Patricia Thomas, testified that Victim accused Defendant of sexually assaulting her. This testimony was not objected to and Defendant does not complain about it on appeal. Where evidence is improperly admitted, but other evidence before the court establishes essentially the same fact, there is no prejudice and no reversible error. *State v. Zagorski*, 632 S.W.2d 475,

478 n. 2 (Mo. banc 1982). Thus, we find no error in the trial court refusing to grant a mistrial.

■ Defendant also complains Victim testified Defendant told her he had been in jail for robbery. After objecting to this testimony, the court immediately told the jury that Defendant had not been convicted of robbery and that they should ignore the remark. Given the brevity of the comment, the fact that the crime suggested was dissimilar to the crime charged, and the judge's instruction that the remark was false, the trial court did not abuse its discretion in refusing to grant a mistrial. Point denied.

■ In Defendant's second point, he asserts the trial court erred by failing to strike two venirepersons from the panel for cause. "An individual accused of a crime is entitled to a full panel of qualified jurors before he is required to expend his peremptory challenges." *State v. Walker*, 795 S.W.2d 522, 525[1] (Mo.App.1990). The determination of whether a venireperson is qualified to serve on a jury is within the sound discretion of the trial court and such decision will only be reversed upon a clear showing of abuse of discretion. *Id.* at 525[3]. "To show such an abuse, the bare possibility of prejudice is not enough—it must clearly appear from the evidence that the challenged venireperson was in fact prejudiced." *Id.* If for any reason, statutory or otherwise, a venireperson cannot serve on a case with an open mind free of bias, that person is not a competent juror. *State v. Holliman*, 529 S.W.2d 932, 938[5] (Mo.App.1975) (citation omitted). Whether a venireperson is qualified to serve on a jury is determined from the entire examination. *Walker*, 795 S.W.2d at 595[3].

Defense attorney asked that a female venireperson, who had been raped six years prior to the trial, be struck for cause. The venireperson initially stated she would be biased toward Victim. However, upon further questioning she stated she could make a determination just on the evidence presented, put her bias aside, follow the judge's instructions, and be fair and impartial. In a subsequent line of questioning,

she stated it would be very difficult for her to listen to the evidence impartially.

Additional questions about whether the venireperson could "separate" her rape in 1985 and the case before her were broadly phrased. The venireperson responded that she "could probably handle it" and she "could try." Defense attorney commented after these questions that the venireperson seemed emotional.

■ The real issue in determining a venireperson's qualification to serve as a juror is not whether that person will be emotionally affected by the case, but whether that person will be able to evaluate the evidence fairly and impartially despite any emotional effect. *State v. Martin*, 797 S.W.2d 758, 762[2] (Mo.App.1990).

Although the venireperson initially said she would be biased and later said it would be difficult for her to listen to the evidence impartially, she unequivocally stated she could set that bias aside and be impartial. Further, the rape occurred six years prior to trial, and the venireperson indicated that she thought she could separate the two events because of when the rape occurred. Based on the foregoing, we find no abuse of discretion.

■ Defendant also contends the trial court plainly erred in not striking Venireperson Jones, a St. Louis Police Officer, for cause. In order to prevail on a claim of plain error, a defendant must show the error "so substantially affects the rights of the accused that manifest injustice or miscarriage of justice inexorably results if left uncorrected." *State v. Burgess*, 800 S.W.2d 743, 746[7] (Mo. banc 1990) (citations omitted).

■ A venireperson is not disqualified from serving on a jury merely because he or she is a police officer. *State v. Edwards*, 716 S.W.2d 484, 487[1] (Mo.App. 1986). Only when other circumstances indicating prejudice exist should the venireperson be struck for cause. *Id.* at 488[1].

Jones was a police officer in the jurisdiction where the crime occurred, and he knew one of the officers who was a witness for

the State. However, Jones stated he had no personal contact with the officer/witness with whom he was acquainted. He also stated he could listen fairly and impartially to the evidence, including testimony of two fellow police officers, and give equal weight to all the witnesses in terms of credibility. We find no abuse of discretion and no manifest injustice. Point denied.

 In his third point, Defendant contends the trial court erred by allowing the late endorsement, immediately before trial, of Officer Thomas, a witness for the State because defense attorney had no opportunity to prepare for her testimony which contained information not previously available to Defendant.

 The trial court has broad discretion in permitting the late endorsement of witnesses, and a defendant has the burden of showing an abuse of discretion. *State v. Allen,* 710 S.W.2d 912, 915[1] (Mo. App.1986). The trial court, in exercising its discretion, should consider many factors including 1) whether the defendant waived the objection, 2) whether the state surprised the defendant or acted in bad faith with an intent to disadvantage the defendant, 3) whether in fact the defendant was surprised and suffered any disadvantage and, 4) whether the type of testimony given might readily have been contemplated. *State v. Stokes,* 638 S.W.2d 715, 719[2] (Mo. banc 1982).

Officer Thomas' name was in the police report as one of the officers who responded to a radio call. The court offered defense attorney as much as 24 hours to interview Officer Thomas. The court also stated: "If you find something highly prejudicial to your client that requires further investigations, I want you to come to me and tell me what specifically it is that this officer is going to say that so effects your ability to prepare for this case that you can't proceed to trial." We have no record whether the interview was conducted and no record of defense attorney requesting any continuance.

Officer Thomas generally testified as to the marks on Victim's neck, as to her description of the crime, as to Defendant's reaction to Victim's description of the crime, and as to Victim's mental state. The police report indicated the witness assisted in responding to the radio call, the judge gave defense attorney an opportunity to discover whether she would be prejudiced by the witness, and defense attorney did not ask for a continuance. Given this and the fact that the testimony was of the nature which could be anticipated in an assault case, we find no indication of prejudice and no abuse of discretion. Point denied.

 In his fourth point, Defendant contends the trial court erred in submitting a reasonable doubt instruction based on MAI–CR3d 302.04. He asserts the instruction suggests a higher degree of doubt than is constitutionally required.

The reasonable doubt instruction has been challenged repeatedly under this same theory, and it has been upheld repeatedly. *State v. Twenter,* 818 S.W.2d 628, 634[5] (Mo. banc 1991). "These cases of recent origin firmly establish that the instruction complained of does not violate constitutional standards by decreasing the state's burden of proof." *Id. Cage v. Louisiana,* 498 U.S. 39, 111 S.Ct. 328, 112 L.Ed.2d 339 (1990), did not change Missouri law. Point denied.

The judgment of the trial court is affirmed.

AHRENS, P.J., and REINHARD, J., concur.